John J. Tomaselli
TOMASELLI & CO.
110 Wall Street
11th Floor, No. 68
New York, New York 10005
Tel: (212) 461-4880
Fax: (212) 214-0318

ATTORNEYS FOR PLAINTIFF
COSCOL (HK) INVESTMENT & DEVELOPMENT CO., LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSCOL (HK) INVESTMENT & DEVELOPMENT CO., LTD., <br><br> Plaintiff, <br><br> -against- <br><br> ESCOPETA OIL & GAS CORPORATION, <br><br> Defendant. | 08 Civ. 0864 DC <br><br> **AFFIDAVIT IN SUPPORT OF OF AMENDED ORDER <u>OF ATTACHMENT</u>** |

STATE OF FLORIDA     )
                     ) ss:
COUNTY OF BROWARD    )

John J. Tomaselli, being duly sworn, deposes and says:

1. I am a member of the firm of Tomaselli & Co., attorneys for plaintiff COSCOL (HK) Investment & Development Co., Ltd. ("Plaintiff"), and I am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I am familiar with the facts and circumstances underlying this dispute and I am submitting this affidavit in support of the Verified First Amended Complaint and the Writ of Attachment.

3. Escopeta Oil & Gas Corporation is not listed in the telephone directory of the principal metropolitan areas in this district, nor is it listed in the Transportation Tickler, a recognized commercial directory in the maritime industry.

4. We have contacted the Secretary of State for the State of New York and have been advised that Escopeta Oil & Gas Corporation is not a New York business entity, nor is it a foreign business entity authorized to do business in New York.

5. To the best of my information and belief, Defendant Escopeta Oil & Gas Corporation cannot be found within this district or within the State of New York.

6. Based upon the facts set forth in the Verified Complaint, I respectfully submit that the Defendant Escopeta Oil & Gas Corporation is liable to Plaintiff for the damages alleged in the Verified Complaint, which amount, as best as can be presently determined, to a total of $6,935,590.00, including estimated interest, expenses and attorneys' fees.

7. Additionally, as recited in full in the Verified Complaint, Defendant Escopeta Oil & Gas Corporation has reached a settlement agreement with third parties on Escopeta's claims resulting from the same events upon which Plaintiff's claims herein are based, by the terms of which settlement those third parties are expected to be effecting payment to Escopeta and/or to its payment agents for the benefit of Escopeta within the next few weeks.

8. Furthermore, on Plaintiff's investigation of Defendant Escopeta Oil & Gas Corporation, it appears that the sole existing asset of Defendant Escopeta is its claim against the third parties which imminently will be reduced to the aforementioned settlement payment.

9. Upon information and belief, and as discussed in detail in the Verified Complaint, the payment of these settlement funds for the benefit of Defendant Escopeta Oil & Gas Corporation will be made by one or more of the following third party entities:

   a. Songa Management, Inc.;

   b. Songa Drilling AS a/k/a Songa Drilling ASA, now known as KCA Deutage Offshore AS a/k/a KCA Deutage Offshore ASA;

   c. Songa Drilling Pte Ltd., now known as KCA Deutage Pte Ltd.;

   d. Songa Offshore AS a/k/a Songa Offshore ASA; and/or

   d. the Abbott Group, plc.

10. Upon information and belief, the payment of these settlement funds to Escopeta will be made to one or more of the following entities as payment agents for the benefit of Escopeta:

   a. Escopeta Oil & Gas Corporation;

   b. Joseph F. Archer, P.C. or Joe Archer or Joseph F. Archer, P.C. IOLTA Account (counsel for Escopeta);

   c. Mehaffy Weber, P.C. or Mehaffy Weber, P.C. IOLTA Account (counsel for Escopeta);

   d. Ernest W. Boyd or Butch Boyd or Ernest W. Boyd IOLTA Account (counsel for Escopeta);

e.  Chamberlain, Hrdlicka, White, Williams & Martin, P.C. or Chamberlain, Hrdlicka, White, Williams & Martin, P.C. IOLTA Account (counsel for Songa);

f.  Lyman, Twining, Weinberg & Ferrell, P.C. or Lyman, Twining, Weinberg & Ferrell, P.C. IOLTA Account (counsel for Songa);

g.  Daniel S. Davis (aka Danny Davis); and/or

h.  Centurion Gold Holdings, Inc.

11.  As set forth above, Defendant Escopeta Oil & Gas Corporation is not found within the Southern District of New York but does have assets, good or chattels that are or will be located within the jurisdiction, including but not limited to the aforementioned settlement proceeds from the settlement of the dispute between Defendant Escopeta and third parties, including but not limited to such funds situated in the bank account(s) of or being routed to the Defendant Escopeta Oil & Gas Corporation and/or parties who are acting as the paying and/or payment agents for Defendant Escopeta and/or are sending and/or receiving funds for the benefit of Defendant Escopeta, including but not limited to: (a) Songa Management, Inc.; (b) Songa Drilling AS; (c) Songa Drilling ASA; (d) KCA Deutage Offshore AS; (e) KCA Deutage Offshore ASA; (f) Songa Drilling Pte Ltd.; (g) KCA Deutage Pte Ltd.; (h) Songa Offshore ASA; (i) Songa Offshore AS; (j) Abbott Group, plc.; (k) Joseph F. Archer, P.C.; (l) Joe Archer; (m) Joseph F. Archer, P.C. IOLTA Account; (n) Mehaffy Weber, P.C.; (o) Mehaffy Weber, P.C. IOLTA Account; (p) Ernest W. Boyd; (q) Butch Boyd; (r) Ernest W. Boyd IOLTA Account; (s) Chamberlain, Hrdlicka, White, Williams & Martin, P.C. (t) Chamberlain, Hrdlicka, White, Williams & Martin, P.C. IOLTA Account; (u) Lyman, Twining, Weinberg & Ferrell, P.C.,; (v) Lyman, Twining, Weinberg & Ferrell, P.C. IOLTA Account; (w) Daniel S. Davis (aka Danny

Davis); and/or (x) Centurion Gold Holdings, Inc, which assets, goods or chattels are located at one or more of the following financial institutions:

Bank of America, N.A.

Bank of China

The Bank of New York

Citibank, N.A.

Deutsche Bank Trust Company Americas

HSBC Bank USA, N.A.

JPMorgan Chase Bank, N.A.

UBS AG

Wachovia Bank, N.A.

Société Générale

Standard Chartered Bank

BNP Paribas

Calyon Investment Bank

American Express Bank

Commerzbank

ABN Amro Bank

Bank Leumi USA

Banco Popular

Bank of Tokyo-Mitsubishi UFJ Ltd.

China Trust Bank

Industrial Bank of Korea

Shin Han Bank

Great Eastern Bank

Nara Bank

United Orient Bank

12. In recognition of the fact that payment agents Joseph F. Archer, P.C., Joe Archer, Joseph F. Archer, P.C. IOLTA Account, Mehaffy Weber, P.C., Mehaffy Weber, P.C. IOLTA Account, Ernest W. Boyd, Butch Boyd, Ernest W. Boyd IOLTA Account, Chamberlain, Hrdlicka, White, Williams & Martin, P.C., Chamberlain, Hrdlicka, White, Williams & Martin, P.C. IOLTA Account, Lyman, Twining, Weinberg & Ferrell, P.C., and/or Lyman, Twining, Weinberg & Ferrell, P.C. IOLTA Account all are lawyers or law firms which likely originate and/or receive wire transfers in the ordinary course of business which are not related to the settlement proceeds recited above, and in order to minimize the impact upon these firms, Plaintiff requests that the Court restrict its Order of Attachment for these payment agents to amounts equal to or greater than $1,000,000.00, which should limit attachments of funds with regard to these payment agents to settlement payments related to the disputes recited herein.

13. Plaintiff is, therefore, requesting that this Court, pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, issue a writ of maritime attachment for an amount up to $6,935,590.00.

**WHEREFORE**, Plaintiff respectfully requests that the application for a writ of maritime attachment and garnishment be granted.

_____
John J. Tomaselli

Sworn to before me this
26th day of February, 2008

Fazia Assad
My Commission DD346058
Expires August 31, 2008

_____
Fazia Assad
Notary Public